**LAW OFFICE OF MARY-ALICE COLEMAN**
**MARY-ALICE COLEMAN, SBN 98365**
**MICHAEL S. AHMAD, SBN 231228**
1109 Kennedy Place, Suite #2
Davis, CA 95616
Telephone: (916) 498-9131
Facsimile: (916) 304-0880

Attorneys for Plaintiffs **JOAN WILKENING**,
**TARA MISSEL**, and **CHRISTOPHER HUGHES**,
individually, and on behalf of all others similarly situated

Additional Counsel listed after Signature Line

# UNITED STATES DISTRICT COURT

## Eastern District of California

## Sacramento Division

| | |
|---|---|
| JOAN WILKENING, TARA MISSEL, and CHRISTOPHER HUGHES, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GAGS AND GAMES, INC. doing business as HALLOWEEN CITY, a Michigan corporation,<br><br>Defendant. | CASE NO.:<br><br>**CLASS ACTION**<br><br>COMPLAINT FOR DAMAGES AND CALIFORNIA LABOR CODE PENALTIES<br><br>1. Failure to provide or make available itemized statements in violation of Labor Code § 226(a);<br>2. Failure to make payment in a negotiable instrument in violation of Labor Code § 212;<br>3. Automatically depositing wages into an account outside of California in violation of Labor Code §§ 212 & 213;<br>4. Private Attorney General Act, Labor Code § 2698, et seq.; and,<br>5. Waiting Time Penalties, Labor Code § 203.<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs complain and allege as follows:

# I. JURISDICTION

1. Plaintiff JOAN WILKENING is, and at all times relevant was, a citizen of California residing in the County of Yolo, State of California. Plaintiff is a competent adult and was employed by Defendant GAGS AND GAMES, INC. doing business as HALLOWEEN CITY (hereinafter "Defendant") from approximately August 2010 through approximately November 1, 2010, working in the City of Vacaville, County of Solano, State of California. At all relevant times herein, Plaintiff was employed by Defendant as a store manager and was paid wages in the manner described herein.

2. Plaintiff TARA MISSEL is, and at all times relevant was, a citizen of California residing in the County of Solano, State of California. Plaintiff is a competent adult and was employed by Defendant from approximately August 18, 2010 through approximately October 28, 2010, working in the cities of Vacaville and Fairfield, County of Solano, State of California. At all relevant times herein, Plaintiff was employed by Defendant as an assistant store manager and store manager, and was paid wages in the manner described herein.

3. Plaintiff CHRISTOPHER HUGHES at all times relevant was a citizen of California residing in the County of Yolo, State of California. Plaintiff is a competent adult and was employed by Defendant from approximately September 13, 2010 through approximately November 1, 2010, working in the City of Davis, County of Yolo, State of California. At all relevant times herein, Plaintiff was employed by Defendant as a sales associate and was paid wages in the manner described herein.

4. Plaintiffs are informed and believe and on such basis allege that most, if not all, putative class members are citizens of the State of California.

5. Defendant is a corporation organized and existing under the laws of the State of Michigan, with its principal place of business in the state of Michigan.

6. Defendant operates a chain of approximately 70 retail stores in the State of California selling Halloween-themed merchandise. At all relevant times, Defendant was doing business throughout the State of California.

7. This Court has original jurisdiction under 28 U.S.C. section 1332(d) in that this is a class action where the proposed class has over 100 members, the aggregate claims of the class members exceed $5,000,000 exclusive of costs and interest, and the class Plaintiffs are citizens of a different state from the Defendant.

## II. INTRODUCTION

8. This case arises out of unlawful wage payment practices by the Defendant, who failed to provide employees with physical itemized wage statements or access to electronic itemized wage statement in the workplace. In addition, Defendant automatically and without any option to opt out deposited wages into a bank account outside of California accessible via a debit card. Defendant further failed to provide a negotiable paycheck. The Plaintiff Class members consist of persons employed in the State of California by Defendant since three (3) years prior to the date of filing this action.

9. As used herein, the term "Plaintiffs" includes JOAN WILKENING, TARA MISSEL, and CHRISTOPHER HUGHES. The term "Plaintiff Class" includes the Plaintiffs and all hourly employees, sales associates, assistant store managers, and store managers employed in the State of California by Defendant since three (3) years prior to the date of filing this action. The term "Class Period" shall refer to the time period from three (3) years prior to the date of filing this action. through the date that this Action is resolved.

10. Plaintiffs seek monetary damages, injunctive relief, attorneys' fees, and costs of suit on behalf of themselves and the Plaintiff Class members as further described in the Prayer for Relief.

## III. THE PARTIES

11. Plaintiff JOAN WILKENING is a competent adult and was employed by Defendant from approximately August 2010 through approximately November 1, 2010, working in the City of Vacaville, County of Solano, State of California.

12. Plaintiff TARA MISSEL is a competent adult and was employed by Defendant from approximately August 18, 2010 through approximately October 28, 2010, working in the cities of Vacaville and Fairfield, County of Solano, State of California.

13. Plaintiff CHRISTOPHER HUGHES is a competent adult and was employed by Defendant from approximately September 13, 2010 through approximately November 1, 2010, working in the City of Davis, County of Yolo, State of California.

14. Defendant operates a chain of approximately seventy (70) retail stores in the State of California selling Halloween-themed merchandise. At all relevant times, Defendant was doing business throughout the State of California.

## IV.   GENERAL ALLEGATIONS

15. This class action is brought pursuant to Fed.R.Civ.P. 23(a) and (b). The monetary damages and penalties sought by Plaintiffs exceed the minimum jurisdictional limits of the District Court and will be established according to proof at trial. The monetary damages and penalties sought on behalf of each and every member of the Class and as aggregate class damages exceed those jurisdictional limits as well. The claims of individual class members, including Plaintiffs, are based on California law and statutes, including the Labor Code, Civil Code, and Code of Civil Procedure.

16. Plaintiffs seek compensation for work performed and moneys due the class members during the Class Period.

17. During their employment, Plaintiffs and Plaintiff Class members were non-exempt employees covered under one or more statutes, regulations, or Industrial Welfare Commission (IWC) Wage Orders, which imposed an obligation on the part of the Defendant to pay wages in a lawful manner.

18. The Plaintiffs and each Plaintiff Class member performed work for Defendant, and Defendant was required to pay Plaintiffs and each Plaintiff Class member wages, as required by various regulations and statutes, including but not limited to California Labor Code sections 201-204, and the applicable IWC Wage Orders. Plaintiffs and each Plaintiff Class member performed work for which they were entitled to be compensated.

19. Plaintiffs bring this action against Defendant for engaging in a uniform policy and systematic scheme of compensating employees in a non-negotiable instrument and not providing accurate itemized wage statements.

-4-
COMPLAINT FOR DAMAGES AND PENALTIES

20. During the Class Period, Plaintiffs did not receive wage payments in a negotiable instrument and were not provided with itemized wage statements.

21. During the Class Period, Plaintiffs did not receive the wages owed them by Defendant upon discharge, or within 72 hours of their resignation.

## V. CLASS ACTION ALLEGATIONS

22. Plaintiffs bring this action on behalf of themselves and all others similarly situated as a class action pursuant to Fed.R.Civ.P. 23(a) and (b). The Class which Plaintiffs seek to represent is composed of and defined as follows:

> All hourly employees, sales associates, assistant store managers, and store managers employed in the State of California by Defendant since three (3) years prior to the date of filing this action.

23. Plaintiffs reserve the right to amend or modify the class description with greater specificity or division into subclasses or limitation to particular issues.

24. This action has been brought and may be maintained as a class action pursuant to Fed.R.Civ.P.§23(a) & (b) because all of the required elements of Fed.R.Civ.P.23(a) & (b) are satisfied: numerosity, commonality, typicality, fair and adequate representation, and a class action is superior to other means of adjudication.

   a. The class members are so numerous that the individual joinder of all class members is impractical. While the exact number of class members is unknown to Plaintiffs at this time, Plaintiffs are informed and believe and on such basis allege that there are over 700 class members. Therefore, joinder of all class members is impractical.

   b. Common questions of law and fact exist as to Plaintiffs and class members and predominate over any questions which affect only individual members of the class. These common questions include, but are not limited to:

      (1) Whether Plaintiffs and Plaintiff Class members, as defined above, are entitled to penalties under Labor Code section 226, because Defendant failed to supply the required itemized wage statements.

(2)     Whether Plaintiffs and Plaintiff Class members as defined above, are entitled to penalties under Labor Code section 212, because Defendant failed to pay wages in a negotiable instrument.

(3)     Whether Plaintiffs and Plaintiff Class members, as defined above, are entitled to penalties under Labor Code sections 212 and 213 because Defendant automatically deposited the wages of these employees in a bank account outside the State of California without authorization or providing any opportunity to opt out.

(4)     Whether Plaintiffs and Plaintiff Class members, as defined above, are entitled to penalties under Labor Code section 203 because Defendant did not pay final wages upon discharge of employees, or within 72 hours of an employee's resignation.

(5)     Whether Defendants were participants in the unlawful payment practices, or engaged in other unlawful conduct.

(6)     The effect upon and the extent of any injuries sustained by Plaintiffs and Plaintiff Class members and the appropriate type and/or measure of damages.

(7)     The appropriateness and nature of relief to each Plaintiff and Plaintiff Class member.

(8)     The appropriate nature of class-wide equitable relief.

(9)     The extent of liability of Defendant to Plaintiffs and each Plaintiff Class member.

c.     Plaintiffs' claims are typical of the claims of the Plaintiff Class members. Plaintiffs and all Plaintiff Class members sustained injuries and damages arising out of Defendant's common course of conduct in violation of the law as alleged herein.

d.     Plaintiffs will adequately and fairly protect the interest of the members of the Plaintiff Class. They were employed by Defendant at times during the Class Period and are adequate representatives for the Plaintiff Class as they have no interest adverse to the interests of the absent Plaintiff Class members. Plaintiffs have retained legal counsel with substantial experience in civil litigation, employment law, and class action litigation.

e.    A class action is superior to other available means of fair and efficient adjudication of the claims of the class members, since joinder of all Plaintiff Class members is impractical. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would cause to such Plaintiffs or to the court system. Further, the damages of many individual Plaintiff Class members may be relatively small, and the burden and expenses of individual litigation would make it difficult or impossible for individual members of the class to seek and obtain relief, while a class action will serve an important public interest. Further, individual litigation would present the potential for inconsistent or contradictory judgments.

25.    Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## VI.    VIOLATIONS ALLEGED

### FIRST CLAIM FOR RELIEF

**Violation of Labor Code §226: Failure to Provide Itemized Statement of Wages**

**(Plaintiffs and each Plaintiff Class member)**

26.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 25, as though fully set forth herein.

27.    Pursuant to *Labor Code section 226(a)*, "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for

which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California."

28. Defendant did not provide paper itemized statements to any employee, did not provide employees the opportunity to elect paper statements, did not provide a computer terminal for employees to access the itemized statements at work, and did not provide employees with printers to print out paper copies of their wage statements. Defendant failed to provide wage statements causing injury to the Plaintiffs and Plaintiff Class. Defendant knowingly and intentionally failed to comply with Labor Code section 226(a) and is subject to penalties, according to proof.

29. Because Defendant did not provide paystubs or access to paystubs at the worksite, Plaintiffs and Plaintiff Class members have suffered injury in the form of the possibility of not being paid overtime, employee confusion over whether they received all wages owed to them, difficulty and expense involved in reconstructing pay records, and forcing employees to make mathematical computations to analyze whether the wages paid in fact compensated them for all hours worked.

30. Pursuant to *Labor Code section 226(e)*, "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

31. Further, pursuant to *Labor Code section 226(g)*, Plaintiffs seek injunctive relief to ensure compliance with *Labor Code section 226(g)*, and are entitled to an award of costs and reasonable attorney's fees.

## SECOND CLAIM FOR RELIEF

**Violation of Labor Code § 212: Failure to make payment in a negotiable instrument**

**(Plaintiffs and each Plaintiff Class member against each Defendant)**

32. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 31, as though fully set forth herein.

33. Pursuant to *California Labor Code section 212 (a)(1)*, an employer may not pay wages by way of any order, check, draft, note, memorandum, or other acknowledgment of indebtedness, unless it is negotiable and payable in cash, on demand, without discount, at some established place of business in the state, the name and address of which must appear on the instrument, and at the time of its issuance and for a reasonable time thereafter, which must be at least 30 days, the maker or drawer has sufficient funds in, or credit, arrangement, or understanding with the drawee for its payment.

34. Pursuant to *California Labor Code section 212 (a)(2)*, an employer may not pay wages by way of any scrip, coupon, cards, or other thing redeemable, in merchandise, or purporting to be payable or redeemable otherwise than in money.

35. Upon hire, employees were directed to apply for, and were then automatically issued, Money Network Total Pay Cards (hereinafter "Cards.") Defendant paid wages through the Cards. By using the Cards, employees were forced to pay a fee of $0.25 per transaction if the card was used to make a purchase and the purchase was processed as a debit transaction. If the employee used the card to withdraw money from an automated teller machine (hereinafter "ATM"), the employee was forced to pay a $1.50 fee, and was limited to one $400 withdrawal per day. If an employee requested a monthly paper statement, the employee was forced to pay an additional $2.95 per statement. The Card also included other terms, limitations, and fees connected with its use.

36. Because Defendant charges employees fees and limits the access employees have to the wages owed them, Defendant has violated of *California Labor Code section 212*.

### THIRD CLAIM FOR RELIEF

**Violation of Labor Code §§ 212 & 213: Automatically depositing wages into an account outside of California**

**(Plaintiffs and each Plaintiff Class member against each Defendant)**

37. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 36, as though fully set forth herein.

38. Pursuant to *California Labor Code sections 212 and 213*, an employer has an affirmative mandate not to directly deposit wages into an account held at a bank, savings and loan association, or credit union unless 1) the financial institution is chosen by the employee, 2) the financial institution has a place of business located in California, and 3) the employee has voluntarily authorized the deposit.

39. Defendant enrolled Plaintiffs and Plaintiff Class members in the Money Network Total Pay Card Program (hereinafter "Program"). Said employees were not provided an alternative payment option to the Program. Moreover, the Program automatically opened a bank account on behalf of the employees at Fifth Third Bank, an Ohio corporation. Employees did not have an option to select a financial institution of their choosing, Fifth Third Bank does not operate any branches in California, and employees do not voluntarily authorize deposit of their wages.

### FOURTH CLAIM FOR RELIEF

**Labor Code § 2698 et seq., Private Attorney General Act**

**(Plaintiffs and each Plaintiff Class member against each Defendant)**

40. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 39, as though fully set forth herein.

41. Plaintiffs are aggrieved employees as defined in Labor Code section 2699(a). They bring this claim on behalf of themselves and other current or former employees affected by the Labor Code violations alleged in this complaint.

42. Defendant committed the following violations of the California Labor Code against Plaintiffs, and, on information and belief, against other current or former employees while they were and are employed by Defendant: (1) Plaintiffs were not provided accurate and lawfully itemized wage statements as required by California Labor Code section 226; (2) Plaintiffs were not paid in a negotiable instrument as required by California Labor Code section 212; (3) Defendant automatically deposited Plaintiffs' wages into an account outside of California in violation of California Labor Code sections 212 and 213; and (4) Defendant did not pay Plaintiffs wages owed upon discharge or within 72 hours of resignation, as required by California Labor Code section 201(a).

43. Pursuant to Labor Code section 2699(a) Plaintiffs seek to recover civil penalties, as otherwise provided by statute, for which Defendant is liable as a result of its violations of the following Labor Code sections in an amount to be proven at trial, including but not limited to the following; for violations of Labor Code sections 201, 212, 213, and 226, and penalties pursuant to California Labor Code sections 203, 225.5, 226(e), and 2699(f), all in amounts to be proven at trial.

44. Pursuant to Labor Code section 2699(f), Plaintiffs seek to recover reasonable attorneys' fees and costs, all in amounts to be proven at trial.

45. Pursuant to Labor Code section 2699.3, Plaintiffs gave written Notice on February 18, 2011 to the Labor and Workforce Development Agency (LWDA) and the employer. The LWDA took no action in the 33 days following said notification. This action follows timely thereafter.

### FIFTH CLAIM FOR RELIEF

### Labor Code § 203

**(Plaintiffs and each Plaintiff Class member against each Defendant)**

46. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 48, as though fully set forth herein.

47. California Labor Code section 201(a) provides that an employee must be paid all wages owed immediately upon termination of employment, or within 72 hours of the employee's resignation. California Labor Code section 203 provides that if an employee who is discharged or

who quits is not paid in accordance with Labor Code section 201, the wages of the employee shall continue as a penalty for up to 30 days.

48. Plaintiffs and Plaintiff Class member did not receive the wages owed them by Defendant upon discharge, or within 72 hours of resignation.

49. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiffs and Plaintiff Class member are owed the maximum 30 day waiting time penalty, the precise amount of which will be proven at trial.

## VII. PRAYER FOR RELIEF

Wherefore, Plaintiffs, on their own behalf and on behalf of Plaintiffs and Plaintiff Class, request relief as follows:

1. That the Court determine that this action may be maintained as a Class Action and certify the Plaintiff Class on the claims for relief;

2. That judgment be entered for compensation for the Plaintiffs and Plaintiff Class members for wages on all Claims for Relief;

3. That Defendant be ordered to pay appropriate penalties pursuant to applicable statutes, including, but not limited to, California Labor Code sections 203, 225.5, 226(e), and 2699(f);

4. That Plaintiff and Plaintiff Class member be awarded attorneys' fees and costs pursuant to applicable statutes, including, but not limited to, California Labor Code sections 226(g), 1194, 2699(g)(1), and California Code of Civil Procedure section 1021.5.

5. General and special damages as entitled, and all other relief as appropriate;

6. Otherwise determine the appropriate remedy to compensate Plaintiffs and Plaintiff Class members as required to promote fairness and justice, including, but not limited to, establishing procedures for compensation, compensation amounts, and fluid recovery if appropriate;

7. Prejudgment interest; and

///

8. Injunctive relief, and a Court order requiring Defendant to cease and desist its current payroll practices which violate California Labor Code sections 201, 212, 213, and 226.

DATED: July 7, 2011

LAW OFFICE OF MARY-ALICE COLEMAN
LAW OFFICES OF SOHNEN AND KELLY

By: _____
MICHAEL S. AHMAD
Attorneys for Plaintiffs JOAN WILKENING, TARA MISSEL, and CHRISTOPHER HUGHES, individually, and on behalf of all others similarly situated

Additional Counsel for Plaintiffs:
**LAW OFFICES OF SOHNEN AND KELLY**
**HARVEY SOHNEN, SBN 62850**
**PATRICIA KELLY, SBN 99837**
2 Theatre Square, Suite 230
Orinda, CA 94563-3346
Telephone: (925)258-9300
Facsimile: (925) 258-9315

**Demand for Jury Trial**

Plaintiffs, individually and on behalf of all others similarly situated, hereby demand trial by jury.

DATED: July 7, 2011

LAW OFFICE OF MARY-ALICE COLEMAN
LAW OFFICES OF SOHNEN AND KELLY

By: _____
MICHAEL S. AHMAD
Attorneys for Plaintiffs JOAN WILKENING, TARA MISSEL, and CHRISTOPHER HUGHES, individually, and on behalf of all others similarly situated