LAW OFFICES OF SOHNEN AND KELLY
HARVEY SOHNEN, SBN 62850
PATRICIA KELLY, SBN 99837
2 Theatre Square, Suite 230
Orinda, CA 94563-3346
Telephone: (925)258-9300
Facsimile: (925) 258-9315

LAW OFFICE OF MARY-ALICE COLEMAN
MARY-ALICE COLEMAN, SBN 98365
MICHAEL S. AHMAD, SBN 231228
1109 Kennedy Place, Suite #2
Davis, CA 95616
Telephone: (916) 498-9131
Facsimile: (916) 304-0880

Attorneys for Plaintiffs JOAN WILKENING,
TARA MISSEL, CHRISTOPHER HUGHES,
and SABRINA GRAHAM,
individually, and on
behalf of all others similarly situated

**FILED**

MAY 14 2013

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
  DEPUTY CLERK

# UNITED STATES DISTRICT COURT

## Eastern District of California

## Sacramento Division

| | |
|---|---|
| JOAN WILKENING, TARA MISSEL, CHRISTOPHER HUGHES, and SABRINA GRAHAM individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GAGS AND GAMES, INC. doing business as HALLOWEEN CITY, a Michigan corporation,<br><br>Defendant. | CASE NO.: 2:11-cv-01802-JAM-DAD<br><br>**CLASS ACTION**<br><br>(~~PROPOSED~~) ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT<br><br>Date:      May 1, 2013<br>Time:      9:30 a.m.<br>Judge:     Hon. John A. Mendez<br>Courtroom: 6<br>Action Filed: July 8, 2011 |

**Recitals**:

This matter came on for hearing on May 1, 2013, at 9:30 a.m. in Courtroom 6 of the above-captioned court on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement.

The Court, having fully reviewed Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, the supporting Points and Authorities and Declarations filed in support thereof, including the Joint Stipulation of Settlement and Release of Claims ("Settlement Agreement"), the Notice to Class of Proposed Settlement ("Notice"), and the Response Form for Settlement Class, hereby makes the following findings and orders:

**Findings**:

The Court finds on a preliminary basis that the Settlement Agreement, which is attached to the Declaration of Harvey Sohnen in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, Approval of Attorney Fees, Enhancements and Administration Costs as Exhibit "1" and is incorporated in full by this reference and made a part of this Order, appears to be within the range of reasonableness of a settlement which could ultimately be given final approval by this Court; the Court notes that Defendant has agreed to create a common fund of $1,400,000, which shall be all-inclusive, to pay (a) all settlement payments to Class Members who submit a valid and timely response form (and do not opt-out); (b) enhancement payments not to exceed $5,000 each to Plaintiffs Joan Wilkening, Tara Missel, Christopher Hughes and Sabrina Graham; (c) payment to State of California, Labor and Workforce Development Agency of $15,000; (d) cost of the class action administration estimated to be $32,500; and, (e) attorney's fees not to exceed $420,000, and actual costs incurred, not to exceed $24,250.

    a.    The Court finds that the provisional certification of the class for settlement purposes is appropriate and that the Settlement Class shall be defined as follows: all persons who received any gross income for employment as hourly employees, sales associates, assistant store managers, and store managers employed in the State of California by Defendant during the period from August 1, 2010 to date of entry of this order.

b.  The Court finds that the Law Offices of Sohnen & Kelly and the Law Office of Mary-Alice Coleman are experienced in class action litigation and that Plaintiffs are adequate class representatives. The Court also approves Simpluris Inc. to act as the class action administrator ("Settlement Administrator").

c.  The Court finds that the Notice and Response form, which are attached hereto as Exhibits "A" and "B", respectively, comport with all constitutional requirements including those of due process.

d.  The Court further finds that the proposed Notice to the class adequately advises the class about:

(1) The class action;

(2) The terms of the proposed settlement, the benefits available to each Class Member, and proposed fees and costs to Class Counsel;

(3) Each Class Member's right to file a response form, object and/or to opt out and the timing and procedures for doing so;

(4) The temporary and conditional certification of the class for settlement purposes only;

(5) Preliminary court approval of the proposed settlement; and

(6) The date of the Final Approval hearing as well as the rights of members of the class to file documentation in support of or in opposition to and appear in connection with said hearing.

e.  The Court further finds that the mailing to the last known address for members of the class, as specifically described within the Settlement Agreement, constitutes reasonable notice to Class Members of their rights with respect to the class action and proposed settlement.

**Based on the above, the Court hereby makes the following Orders:**

1.  The Court orders the preliminary approval of this litigation as a settlement class

1. action and provisionally orders certification of the settlement class defined as: all persons who received any gross income for employment as hourly employees, sales associates, assistant store managers, and store managers employed in the State of California by Defendant during the period from August 1, 2010 to date of entry of this Order.

2. The Court orders that the Settlement appears to be within the range of reasonableness of a settlement which could ultimately be given final approval by the Court.

3. The Court orders the appointment of the Law Offices of Sohnen & Kelly the Law Office of Mary-Alice Coleman as Class Counsel and orders the appointment of Joan Wilkening, Tara Missel, Christopher Hughes and Sabrina Graham as the class representatives. The Court further approves and appoints Simpluris Inc. to act as the class action administrator.

4. Defendant shall within fourteen (14) calendar days after entry of this Order provide the Settlement Administrator with a list of all Settlement Class Members, their last known addresses, telephone numbers, Social Security numbers and such records as are necessary to compute distribution amounts. At the same time, Defendant will provide Class Counsel with this same information, except for Social Security numbers.

5. The Court orders that five (5) calendar days prior to the final approval hearing, a declaration shall be filed with the Court by the Settlement Administrator stating that the Notices were mailed and re-mailed to the Class Members in accordance with the Settlement Agreement.

6. The Court orders that any response form must be postmarked no later than thirty (30) calendar days after the Notice is initially mailed to the class and must be received by the Settlement Administrator to be valid.

7. The Court orders that any request for exclusion must be postmarked no later than thirty (30) calendar days after the Notice is initially mailed to the class and must be received by the Settlement Administrator to be valid.

8. The Court orders that any Class Member may object to the Settlement Agreement. Any objection must be in writing, filed with the Court and mailed to the Settlement Administrator. Such objection shall include the name and address of the Class Member and the

basis of the objection. To be timely, the objection must be postmarked no later than thirty (30) calendar days after the Notice is initially mailed to the class. Objections not previously filed in writing in a timely manner will not be considered. All objections or other correspondence must state the name and number of the case, which is *Joan Wilkening et al. v. Gags & Games, Inc.*, Case No. 2:11-cv-01802-JAM-DAD.

9. The Court orders that the Final Approval Hearing shall be held before the undersigned on August 7, 2013, at 9:30 a.m. in Courtroom 6 of the above-entitled court, to consider the fairness, adequacy and reasonableness of the proposed settlement preliminarily approved by this Order, and to consider the motion of Class Counsel for an award of reasonable attorney's fees and costs, the named Plaintiffs/Class Representatives' enhancements, administration costs and payment to the Labor Workforce and Development Agency.

10. The Court orders that any party to this case, including any class member, in person or by counsel, may be heard, to the extent allowed by the Court, in support of, or in opposition to, the Court's determination of the good faith, fairness, reasonableness and adequacy of the proposed settlement, the requested attorney's fees and costs, the requested named Plaintiffs' enhancements, and any order of final approval and Judgment regarding such settlement, fees, costs and enhancements; provided, however, that no person, except Class Counsel and counsel for Defendants shall be heard in opposition to such matters unless such person has complied with the conditions set forth in the Notice to the Class.

11. The Court orders that all briefs regarding the settlement shall be served and filed in accordance with the following briefing schedule: All briefs and materials in support of an order of final approval shall be filed with this Court no later than __7/24__, 2013, except that the motion for attorney's fees and costs shall be filed no later than sixty days before the date of the Final Approval Hearing, and noticed for the date of the Final Approval hearing. Any objections to the settlement shall be filed and served in accordance with this Order and the Settlement Agreement. Any opposition to the motion for attorney's fees and costs shall be filed and served no later than thirty days before the date of the Final Approval Hearing. Response briefs, if any,

including opposition to objections, shall be filed with this Court no later than 7 court days prior to the Final Approval Hearing date.

12. The Court orders that upon final approval, assuming no objections, or upon dismissal or resolution of objections, all class members, other than opt outs, and their successors shall conclusively be deemed to have given full releases of the Released Claims against the Released Parties (as defined in the Settlement Agreement) and all class members (other than opt-outs) and their successors, shall be permanently enjoined and forever barred from asserting any Released Claims against any Released Party as described by the Settlement Agreement.

13. The Court orders that if for any reason the Court does not execute and file an order of final approval and judgment, or if such a final approval order is reversed, the Settlement Agreement and the proposed settlement which is the subject of this Order and all evidence and proceedings had in connection therewith shall be without prejudice to the status quo ante rights of the Parties to the litigation as more specifically set forth in the Settlement Agreement.

14. The Court orders that the Settlement Agreement shall not be construed as an admission or evidence of either liability or the appropriateness of class certification in the non-settlement context, as set forth in the Settlement Agreement.

15. The Court orders that, pending further order of this Court, all proceedings in this matter except those contemplated herein and in the Settlement Agreement are stayed.

16. The Court orders that Class Counsel submit a proposed Judgment in connection with the Motion for Final Approval of Class Action Settlement as set forth in the Settlement Agreement.

17. The Court expressly reserves the right to adjourn or continue the Final Approval Hearing from time to time without further notice to the class members.

**IT IS SO ORDERED.**

Dated: MAY 14, 2013

HONORABLE JOHN A. MENDEZ
U.S. DISTRICT JUDGE

Approved as to form:

FOX ROTHSCHILD LLP

Date: April 12, 2013

/s/   TYREEN TORNER
DAVID F. FAUSTMAN
TYREEN TORNER
Attorneys for Defendant
GAGS & GAMES, INC.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| JOAN WILKENING, TARA MISSEL, CHRISTOPHER HUGHES, and SABRINA GRAHAM, individually, and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>GAGS AND GAMES, INC., doing business as HALLOWEEN CITY, a Michigan Corporation,<br><br>　　　　　Defendant. | **CLASS ACTION**<br><br>Case No. 2:11-CV-01802-JAM-DAD<br><br>**NOTICE TO CLASS OF PROPOSED SETTLEMENT** |

**NOTICE TO CLASS OF PROPOSED SETTLEMENT**

　　**To: All current or former employees of Gags and Games, Inc. (also known as Halloween City) in the State of California employed at any time from August 1, 2010, through [date of entry of order of preliminary approval] as hourly employees, sales associates, assistant store managers, or store managers.**

**IMPORTANT - PLEASE READ THIS NOTICE CAREFULLY**
**IT MAY AFFECT YOUR LEGAL RIGHTS**
**YOU MAY BE ENTITLED TO MONEY FROM THIS SETTLEMENT**

　　The records of Gags and Games, Inc. ("Gags") show that you may be entitled to a share in a settlement of a class action lawsuit. You are not being sued.

　　If you are a current or a former hourly employee, sales associate, assistant store manager, or store manager of Gags (Halloween City) employed at any time from August 1, 2010 through (date of entry of order of preliminary approval) in the State of California, you must file a response form by [thirty days from mailing of Response Forms by Administrator] to receive money from this Settlement. If you do not file a response, you could lose your right to recover money from Gags for the claims involved in this lawsuit.

　　**1. Why Should You Read This Notice?**

　　This Notice tells of your rights to share in a settlement or your ability to be excluded from this settlement. John A. Mendez, District Judge, for the United States District Court, Eastern District of California preliminarily approved this class action settlement at a hearing on _____, 2013. You have received this Notice because Gags' records show that you are a member of the proposed Class. This Notice describes the case, the settlement, and your rights under that settlement. For a detailed description of the legal claims covered by this Settlement and how each Class Member's share is calculated, you can request a complete copy of the Joint Stipulation of Settlement and Release of Claims from the Settlement Administrator by writing to: _____, or by calling _____ –.

　　The Court will hold a Settlement Fairness Hearing concerning the proposed settlement on ----------, at 9:30 a.m., in Dept. 6 of the United States District Court, located at 501 I Street, Sacramento, California 95814.

　　**2. Case Description**

Plaintiffs Joan Wilkening, Tara Missel, and Christopher Hughes, former employees of Gags, filed this Action in United States District Court, Eastern District of California on July 8, 2011, on behalf of themselves and other current and former hourly employees, sales associates, assistant store managers, and store managers employed by Gags in California, seeking damages and other relief and asserted five claims for relief: (1) Failure to provide or make available itemized statements in violation of Labor Code § 226(a); (2) Failure to make payment in a negotiable instrument in violation of Labor Code § 212; (3) Automatically depositing wages into an account outside of California in violation of Labor Code §§ 212 & 213; (4) Penalty Claims under Private Attorney General Act, Labor Code § 2698, et seq. for violations of Labor Code sections 201, 212, 213, 226, and (5) Waiting Time Penalties, Labor Code § 203. A First Amended Complaint for Damages and California Labor Code Penalties was filed on August 8, 2012. It added one Plaintiff to this Action, Sabrina Graham. The First Amended Complaint asserted six claims for relief: (1) Waiting Time Penalties, Labor Code § 203; (2) Failure to provide or make available itemized statements in violation of Labor Code § 226(a); (3) Failure to make payment in a negotiable instrument in violation of Labor Code § 212; (4) Automatically depositing wages into an account outside of California in violation of Labor Code §§ 212 & 213; (5) Penalty Claims under Private Attorney General Act, Labor Code § 2698, et seq. for violations of Labor Code sections 201, 212, 213, and 226; and (6) Penalty Claims under Private Attorney General Act, Labor Code § 2698, et seq. for unauthorized wage deductions (Labor Code § 221) and forced patronization of financial services (Labor Code § 450). Plaintiffs seek penalties, restitution, prejudgment interest, an injunction, and reasonable attorney's fees and costs. Gags denied, and continues to deny all of the allegations, but has agreed to a compromise settlement to resolve the case.

Under the settlement, Gags, Inc. will pay $1,400,000 (One Million Four Hundred Thousand Dollars). After deducting administrative expenses, incentive awards to Ms. Wilkening, Ms. Missel, Mr. Hughes and Ms. Graham for bringing this case, attorney's fees and costs, and a payment to State of California, Labor Workforce and Development Agency, about $888,250 will be available to pay Class Members. There are approximately 5,000 Class members. This amount will be allocated among the Class Members who file timely, valid claims.

The settlement is described below. Before it takes effect, the Court must give its final approval that the settlement is fair and reasonable. Once the Court gives its final approval, the settlement will finally resolve these claims for every Class Member who does not remove himself or herself from the settlement.

### 3. Who are the Attorneys Representing the Parties?

Attorneys for Plaintiffs and the Class
Harvey Sohnen, Esq. and Patricia Kelly, Esq.
Law Offices of Sohnen & Kelly
2 Theatre Square, Suite 230
Orinda, CA 94563-3346
Telephone: (925) 258-9300; (888) 968-1088
Facsimile: (925) 258-9315

Mary-Alice Coleman, Esq. and
Michael Ahmad, Esq.
Law Office of Mary-Alice Coleman
1109 Kennedy Place, Suite #2
Davis, CA 95616
Telephone: (916) 498-9131
Facsimile: (916) 304-0880

Attorneys for GAGS AND GAMES, INC.
David Faustman, Esq. and Tyreen Torner, Esq.
Fox Rothschild LLP
235 Pine Street, Suite 1500
San Francisco, CA 94104
Telephone: (415) 364-5540
Facsimile: (415) 391-4436

If you have any questions about this Notice or the settlement, you may call one of the Plaintiffs' attorneys.

### 4. Who is the Settlement Administrator and How Can I Find Out about the Status of My Claim?

Simpluris, Inc.

(INSERT THEIR CONTACT INFORMATION)

Contact the Settlement Administrator if you have questions regarding the status of your claim.

**5. How Do I Receive Money from the Settlement?**

You **must** complete and sign the enclosed Response Form to receive money from the settlement.  The completed and signed Response Form must be mailed to the Settlement Administrator, postmarked no later than-[thirty days of mailing of Class Forms by the Settlement Administrator.]  The address of the Settlement Administrator is -------------

**6. What if I Do Not Want to Be Part of This Settlement?**

**If you do not want to participate in this Settlement**, you must notify the Settlement Administrator in writing of your decision to "opt-out" of the settlement.  If you opt-out of the settlement, you will not receive any money from the settlement.  If you do not opt-out, you will be bound by the terms of the settlement, even if you do not return a Response Form.

If you choose to opt–out of the settlement, your request must be **postmarked no later than thirty days from the date this Notice is mailed, _____, 2013.**  Your opt-out notice must state: "I wish to opt-out of the settlement of this case, *Wilkening v. Gags and Games, Inc.* (E.D.Cal. Case No. 2:11-CV-01802-JAM-DAD).  I understand that by requesting to be excluded from the settlement, I will receive no money from the class action settlement in this lawsuit, but that I am preserving any rights I would otherwise have to sue Gags and Games, Inc. for the claims made in this lawsuit."  Send the opt-out request directly to the Settlement Administrator at the following address: Simpluris, Inc.------

**7. What if I Want to Object to the Settlement?**

You may object to the proposed settlement in writing.  You may also appear at the Final Approval Hearing, either in person or through an attorney, at your own expense, provided you notify the court in writing of your intent to do so.  All written objections, supporting papers and/or notices of intent to appear at the Final Approval Hearing must (a) clearly identify the case name and that it is Case Number 2:11-CV-01802-JAM-DAD, (b) be submitted to the Court either by mailing to: Clerk of the Court, United States District Court, 501 I Street, Sacramento, California 95814, or by filing in person at that address, (c) also be mailed to the Settlement Administrator, and (d) be filed or postmarked on or before [thirty days after the date the Response Forms are mailed by the Settlement Administrator.]  Objections not filed in writing within thirty days after the Response Forms are mailed by the Settlement Administrator will not be considered. If you file an objection, you or your counsel must appear at the hearing on final approval of the settlement to have the objection heard by the Court.  Objections not previously filed in writing in a timely manner will not be considered.  Any attorney who will represent you in objecting to the Settlement Agreement must file a notice of appearance with the Court and serve counsel for the Parties with that notice no later than thirty days after the Response Forms are mailed by the Settlement Administrator.

IF YOU INTEND TO OBJECT TO THE SETTLEMENT BUT WISH TO RECEIVE A DISTRIBUTION FROM THE SETTLEMENT AMOUNT, YOU **MUST** TIMELY FILE YOUR RESPONSE FORM AS STATED ABOVE.   IF THE COURT APPROVES THE SETTLEMENT DESPITE ANY OBJECTIONS AND YOU HAVE NOT RETURNED YOUR RESPONSE FORM, YOU WILL NOT RECEIVE ANY MONEY FROM THE SETTLEMENT.

**8. What if I Do Nothing?**

If you do not submit a valid and timely Response Form and do not opt out of the Settlement, you will be bound by the Settlement, including the release of claims and you will not receive any payment.

**9. How Much Money Can I Expect to Receive?**

Your settlement award will be calculated based on your work history and the amounts set aside for distribution to

the Class Members. Information about work history will be Gags' records for the years 2010, 2011, and 2012 of the last day in which any hours worked are recorded, the date of the last pay card load and compensation amounts as described in more detail below.

The amounts which have been set aside for each claim also will affect the amount of your settlement award. The preliminary estimate is that there will be about $888,250 divided among approximately 5,000 Class Members.

The Settlement Administrator shall compute a "Waiting Time Score" as follows: First, there will be a computation for each Settlement Class Member for each of the calendar years 2010, 2011, and 2012, consisting of the number of days from the last day in which any hours are recorded as worked, until the date of the last pay card load, for work in a Class Position. If that number is negative, it will be deemed to be 0 for that year. If in a calendar year there is no record of hours worked but there is a pay card load for that person for work in a Class Position, it will be deemed to be 10 for that year. The Waiting Time Score for a Settlement Class Member is the sum of these calendar year computations for all years the member worked in a Class Position during the Class Period. If the Waiting Time Score so calculated for that person is greater than 30, it will be deemed to be 30.

The Settlement Administrator shall then compute preliminary estimates of each Settlement Class Member's distributions as follows:
   A.   25% of the Net Settlement Fund shall be distributed among the Settlement Class in proportion to their individual gross income in Class Positions during the Class Period divided by the total gross income of all Class Members in Class Positions during the Class Period.
   B.   75% of the Net Settlement Fund shall be distributed among the Settlement Class in proportion to their individual Waiting Time Scores divided by the sum of all Waiting Time Scores for the entire class.
   C.   If the preliminary estimate computed above for a Settlement Class Member, which is the sum of A and B above, is greater than the member's total Gross Income in all Class Positions during the Class Period, notwithstanding the above, the preliminary estimate shall be deemed equal to that Gross Income.
   D.   Notwithstanding the foregoing formula, the preliminary estimate of any Settlement Class Member's distribution shall not be less than $10.00, nor more than $3,000.00.

The preliminary estimate is equivalent to the distribution assuming 100% of Settlement Class Members have submitted timely and valid Response Forms to the Settlement Administrator. After the deadline for submission of responses, the Settlement Administrator will allocate final distribution amounts among Settlement Class Members who have submitted timely and valid Response Forms by reallocating the amounts of those who have not submitted timely and valid responses in proportion to the dollar amounts of the preliminary estimates (either the original amount or the revised amount, if revised by the Settlement Administrator) of those who have submitted timely and valid responses so that the Net Settlement Fund is fully distributed. If less than a 100% response rate, the preliminary or revised preliminary estimates of distribution will be changed proportionately, and checks for the full amount of the Net Settlement Fund will issue. Payments to Settlement Class Members are allocated as penalties and are not subject to payroll withholding.

Your estimated Total is set forth in the Response Form enclosed with this Notice.

Your Total is based on Gags' business and employment records. If you believe the information on the Response Form is incorrect, you should explain why you believe the information on the Response Form is wrong and return the Response Form, along with any written proof, to the Settlement Administrator no later than [thirty days after the mailing of the Response Forms by the Settlement Administrator.] The Settlement Administrator will then review Gags' records and the information you provide and resolve the dispute. If you do not dispute the information, your claim will be based on the information on the Response Form.

**10. Administrative Costs, Plaintiffs' Service Payments, and Attorney's Fees**

The $1,400,000.00 amount Gags, Inc. has agreed to pay to settle this lawsuit includes money to pay for the costs of administering the settlement, incentive awards to Ms. Wilkening, Ms. Missel, Mr. Hughes and Ms. Graham for bringing this case, attorney's fees and litigation costs, and a payment to State of California, Labor Workforce and Development Agency. The costs to administer the settlement are estimated to be $32,500.00. Awards to Ms. Wilkening,

Ms. Missel, Mr. Hughes and Ms. Graham will be set by the Court, but will not be greater than $5,000.00 each. The Court will also determine the amount of the payment to the State of California, Labor Workforce and Development Agency, attorney's fees and costs. The attorney's fees and costs will be no larger than $420,000 and $24,250, respectively, for a total of $444,250.

### 11. When Can I Expect to be Paid?

Your payment will be made within ten (10) days after the Final Effective Date. The Final Effective Date is the date the appeal time has ended following entry of the Final Approval Order if there are objectors and ten (10) days after entry of the Final Approval Order if there are no objectors.

### 12. What Claims Are Released by This Settlement?

Unless you opt out of this settlement, on behalf of yourself and each of your heirs, beneficiaries, devisees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest and assigns ("the Releasing Persons"), you are fully and forever completely releasing and discharging Gags and Games, Inc. and their past, present, and future parents, subsidiaries, divisions, shareholders, officers, directors, employees, agents, attorneys, successors and assigns from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, that were alleged in the Complaint and/or the First Amended Complaint, and all claims that could have been pled under state or federal law based upon the factual allegations in the Complaint and First Amended Complaint filed in this Action from August 1, 2010, up to and including the date of entry of the order granting preliminary approval of this Settlement Agreement. This release includes, but is not limited to, any claims for restitution, equitable relief, wages, penalties, interest, and/or attorneys' fees and costs of any kind arising under California Law for the claims for relief asserted in the Complaint and/or First Amended Complaint. Additionally you are waiving all rights and benefits afforded by Section 1542 of the Civil Code of the State of California, and do so understanding the significance of that waiver. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

### ADDITIONAL INFORMATION

The full Joint Stipulation of Settlement and Release of Claims sets forth the entire settlement agreement between the parties, including the distribution formulas. The pleadings and other records in this litigation, including the Joint Stipulation of Settlement and Release of Claims, may be examined in person in Clerk of the Court, United States District Court, 501 I Street, Sacramento, California 95814, between the hours of 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT FOR INFORMATION ABOUT THIS SETTLEMENT OR THE CLAIMS PROCESS. PLEASE DO NOT CONTACT GAGS' OFFICES, MANAGERS, OR ATTORNEYS FOR ADDITIONAL INFORMATION ABOUT THIS SETTLEMENT OR THE CLAIMS PROCESS.

Dated: _____, 2013

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAN WILKENING, TARA MISSEL, CHRISTOPHER HUGHES, and SABRINA GRAHAM, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GAGS AND GAMES, INC., doing business as HALLOWEEN CITY, a Michigan Corporation,<br><br>Defendant. | **CLASS ACTION**<br><br>Case No. 2:11-CV-01802-JAM-DAD<br><br>**RESPONSE FORM FOR SETTLEMENT CLASS** |

*WILKENING et al. v. GAGS AND GAMES, INC.,* United States District Court, Eastern District of California, Sacramento Division, Case No. 2:11-CV-01802-JAM-DAD

Settlement Administrator

c/o Simpluris, Inc.

(address to be supplied)

telephone: (number to be supplied)

***(All claims must be postmarked no later than [INSERT DATE])***

|||||||||||||||||||||||||| Claim #: And-100000-0 123              Name/Address Changes (if any):
First Last                                                        _____
c/o                                                               _____
Address1 Address2                                                 _____
City, State, Zip, Country                                         _____
(_____)_____      (_____)_____
  Area Code    Telephone Number            Area Code    Telephone Number

**Calculation of Preliminary Estimate of Settlement Distribution**

      The Settlement Administrator has computed a "Waiting Time Score" based on the following directions: First, there will be a computation for each Settlement Class Member for each of the calendar years 2010, 2011, and 2012, consisting of the number of days from the last day in which any hours are recorded as worked, until the date of the last pay card load, for work in a Class Position. If that number is negative, it will be deemed to be 0 for that year. If in a calendar year there is no record of hours worked but there is a pay card load for that person for work in a Class Position, it will be deemed to be 10 for that year. The Waiting Time Score for a Settlement Class Member is the sum of these calendar year computations for all years the member worked in a Class Position during the Class Period. If the Waiting Time Score so calculated for that person is greater than 30, it will be deemed to be 30.

      The Settlement Administrator then computed preliminary estimates of each Settlement Class Member's distributions based on the following directions:

1

   A.  25% of the Net Settlement Fund shall be distributed among the Settlement Class in proportion to their individual gross income in Class Positions during the Class Period divided by the total gross income of all Class Members in Class Positions during the Class Period;  B. 75% of the Net Settlement Fund shall be distributed among the Settlement Class in proportion to their individual Waiting Time Scores divided by the sum of all Waiting Time Scores for the entire class; C.  If the preliminary estimate computed above for a Settlement Class Member, which is the sum of A and B above, is greater than the member's total Gross Income in all Class Positions during the Class Period, notwithstanding the above, the preliminary estimate shall be deemed equal to that Gross Income; D. Notwithstanding the foregoing formula, the preliminary estimate of any Settlement Class Member's distribution shall not be less than $10.00, nor more than $3,000.00.

   Payments to Settlement Class Members are allocated as penalties and are not subject to payroll withholding. Please refer to the accompanying Notice to Class for more information regarding which claims are released.

   Your Waiting Time Score is  .   Your Gross Income in Class Positions for the period August 1, 2010  to date of the Preliminary Approval Order is $....   Based on this information, your estimated distribution from the Net Settlement Fund is $«Share».

   This is an estimate, not a final figure.  Your actual share might be larger or smaller depending on the number of claims filed and the challenge resolution process.

### Challenge

*Check one:*
☐   I do not wish to challenge the Waiting Time Score and Gross Income data listed above.
☐   I wish to challenge the Waiting Time Score data and/or Gross Income data listed above as it is incorrect.  I have included with my signed Claim Form a written statement with the Waiting Time Score data and/or Gross Income data, as defined above, which I contend is correct and documentary evidence that supports my claim.  I understand that by submitting this challenge, I hereby authorize the Settlement Administrator to review the records of Gags and Games, Inc. and make a determination based on those records and the records I submit. I understand that this determination may increase or decrease the amount of my settlement share.  I understand that such a determination is final and binding with no opportunity for further appeal.

### Verification

Please provide the last four digits of your social security number for verification purposes: ___-___-___-___
I declare under penalty of perjury under the laws of California and the United States that the foregoing is true and correct.

Dated: _____    _____
                                Signature

                                _____
                                Print Name

**Please sign, date and mail this Claim Form to Simpluris Inc. at (address) and keep a copy for your records.**